## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISON

ELISHA WILBOURN, on behalf
of herself and on behalf of all others
similarly situated,

     Plaintiff,

v.                                    Case No. :

AXCESS STAFFING SERVICES, LLC,
A Foreign Limited Liability Company,
COWORX RESOURCES, LLC,
A Foreign Limited Liability Company,
COWORX STAFFING SERVICES, LLC,
A Foreign Limited Liability Company,
COWORX PERSONNEL, LLC,
A Foreign Limited Liability Company

     Defendants.
_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Elisha Wilbourn, on behalf of herself, the putative classes set forth below, and in the public interest, brings this Class Action Complaint against Axcess Staffing Services, LLC, ("Axcess"), and Coworx Resources, LLC, Coworx Staffing Services, LLC, Coworx Personnel, LLC, (collectively "Coworx"), for violations of the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff seeks to hold Defendants accountable for violating her federally protected privacy rights.

### PRELIMINARY STATEMENT

1.     The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a consumer report for an employment purpose. The use of a consumer report for employment purposes only becomes lawful if the consumer reporting agency and person procuring the report

comply with the FCRA's strict requirements.

2.    Coworx and Axcess willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

3.    Coworx violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without disclosing to them that it may obtain their consumer report for employment purposes, before obtaining a copy of their consumer report.

4.    Coworx violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without their written authorization.

5.    Plaintiff asserts FCRA claims against Coworx on behalf of herself and others to whom Coworx did not provide a disclosure or from whom Coworx did not obtain written authorization prior to procuring their consumer report for employment purposes.

6.    Plaintiff asserts FCRA claims against Axcess on behalf of herself and a class consisting of consumers pursuant to 15 U.S.C. § 1681b(f)(2), because Axcess used and obtained her consumer report without making the certifications required by 15 U.S.C. § 1681e(a).

7.    Plaintiff asserts FCRA claims against Axcess on behalf of herself and others to whom Axcess did not provide notice, a copy of their consumer report or summary of rights before taking adverse employment action against them based in whole or in part on their consumer reports as required by 15 U.S.C. § 1681b(b)(3).

8.    In Count I, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(i) on behalf of a "No Disclosure Class" consisting of:

> **All employees and job applicants in the United States subject of a consumer report obtained by Coworx for employment purposes but to whom Coworx did not provide did not provide a disclosure in the five**

**years preceding the filing of this action through the date of final judgment.**

9.      In Count II, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(ii)

on behalf of a "No Authorization Class" consisting of:

> **All employees and job applicants in the United States subject of a consumer report procured by Coworx for employment purposes but from whom Coworx did not first obtain written authorization in the five years preceding the filing of this action through the date of final judgment.**

10.     In Count III, Plaintiff brings this action on behalf of a "No Certification Class"

consisting of:

> **All employees and job applicants in the United States subject of a consumer report used or obtained by Axcess for employment purposes but for which Axcess failed to make the certifications required by 15 U.S.C. 1681e before obtaining and using the report.**

11.     In Count IV, Plaintiff brings this action for himself and on behalf of an Adverse

Action Class, defined as:

> **All Axcess applicants and employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in a consumer report obtained within five years preceding the filing of this action through the date of final judgment, who were not provided notice, a copy of their report and summary of rights pursuant to § 1681b(b)(3)(A).**

12.     On behalf of herself and the putative classes, Plaintiff seeks statutory damages,

costs and attorneys' fees, and other appropriate relief under the FCRA.

## THE PARTIES

13.     Individual and representative Plaintiff, Elisha Wilbourn ("Plaintiff") is a member

of all three putative classes.

14.     Coworx is a staffing agency and user of consumer reports as contemplated by the

FCRA, at 15 U.S.C. § 1681b.

15.    Axcess is a staffing agency and user of consumer reports as contemplated by the FCRA, at 15 U.S.C. § 1681b

## JURISDICTION AND VENUE

16.    This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

17.    Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, because the underlying events occurred in Clayton County, Georgia.

18.    Coworx obtains background checks on job applicants for employment purposes.

19.    Coworx uses First Advantage, a consumer reporting agency, to obtain these reports and access the information contained therein.

20.    Axcess obtains background checks on job applicants and uses them for employment purposes.    Axcess does not obtain these background checks directly from a consumer reporting agency.    The evidence will show Axcess obtains these background checks from Coworx.

### *FCRA Requirements for Procuring Employment-Purposed Consumer Reports*

21.    Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes unless certain requirements are satisfied.  Specifically, in relevant part:

**(2)    Disclosure to Consumer**.

(A)    *In general*. Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless -

(i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be

procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii)      the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report *by that person*.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)(emphasis added)

22.     Coworx did not provide consumers a clear and conspicuous disclosure before procuring their consumer reports for employment purposes.

23.     Coworx did not obtain consumers' written authorization before procuring their consumer reports for employment purposes.

24.     Providing notice to consumers is a critical component of the FCRA, evidenced by the fact the FCRA also contains several other notice provisions, including 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action).[1]

25.     The purpose of FCRA notice provisions, including § 1681b(b)(2)(A)(i), is to put consumers on notice that their consumer report is being procured  for employment purposes and who is procuring it.  This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers to decide who accesses their personal, sensitive information.

26.     Without clear notice as to who is obtaining and accessing their personal, sensitive information, applicants and employees are deprived of the opportunity to make informed decisions, assert protected rights, or maintain control over their personal information.  Control over one's personal and private information is a fundamental right dating back to English common law.

---

[1] *See, e.g.* 15 U.S.C. § 1681b(4)(B)(notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681g (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and § 1681m(a) (notice of adverse action).

27.    Coworx knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer reports on applicants and employees without providing a disclosure or obtaining their written authorization ahead of time.

28.    Coworx's conduct is also willful because:

    a.    Coworx is a large and sophisticated employer in the staffing industry with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

    b.    Coworx knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute; and

    c.    Coworx voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

29.    Coworx acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and the other "No Disclosure" and "No Authorization" class members.

30.    Any reasonable staffing agency of Coworx's size and sophistication knows or should know about fundamental FCRA compliance requirements.

31.    The FCRA, 15 U.S.C. § 1681b(f)(2), prohibits a person from obtaining or using a consumer report for any purpose unless it first identifies itself and certifies the purpose of its use to the consumer reporting agency providing the report in accordance with 15 U.S.C. §1681(e).

32.    Axcess obtained and used Plaintiff's consumer report for an employment purpose but failed to first identify itself or certify the purpose of its use to First Advantage. Consequently, Axcess had no legal basis to access Plaintiff's consumer report.

33.    The FCRA states "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the

report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

34.    Axcess violated 15 U.S.C. § 1681b(b)(3)(A), which requires that all employers who use consumer reports provide notice, a copy of the report, and summary of rights to the affected consumer before any adverse action is taken.

35.    By failing to provide Plaintiff and other putative class members with the information required by 15 U.S.C. § 1681b(b)(3)(A) before taking adverse employment action against them based on the information contained in such reports, Axcess willfully disregarded unambiguous regulatory guidance and the plain language of the statute. 15 U.S.C. § 1681b(b)(3)(A).

36.    Axcess knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer reports on applicants and employees without providing a disclosure or obtaining their written authorization ahead of time.

37.    Axcess's conduct is also willful because:

   a.    Axcess is a large and sophisticated employer in the staffing industry with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

   b.    Axcess knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute; and

   c.    Axcess voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless

### *Facts Supporting Plaintiff's Claims*

38.    In or around July 2019, Plaintiff applied for employment at Axcess Staffing Services ("Axcess") 5656 Jonesboro Road, Lake City, Georgia, 30260.

39.    During the hiring process, Axcess disclosed to Plaintiff it was going to procure

her consumer report for employment purposes (See Exhibit A – *Axcess Disclosure*).

40.    Plaintiff authorized Axcess to obtain her consumer report for employment purposes. *Id*.

41.    Axcess extended Plaintiff a conditional offer of employment contingent upon completion of her background check.

42.    Subsequently, Axcess obtained Plaintiff's background check from Coworx and used it, in whole or in part, to deny her employment.

43.    Plaintiff was perplexed, since she had disclosed her record to Axcess and was told it would not be an impediment to employment.

44.    Axcess did not provide Plaintiff with pre-adverse action notice, a copy of her consumer report or summary of rights before rejecting her application for employment.  As a result, Plaintiff never saw what was on her consumer report and never knew whether it was, in fact, accurate.

45.    Because Axcess never provided her with notice, a copy of her consumer report or summary of rights, Plaintiff spent time trying to learn about her rights and worrying about the contents of her consumer report.

46.    Ultimately, Plaintiff obtained a copy of the consumer report.  Plaintiff was shocked to discover Coworx (not Axcess) had obtained her consumer report from a consumer reporting agency.  Specifically, Plaintiff had not applied for employment with Coworx and had not authorized Coworx to obtain her consumer report.

47.    Plaintiff did not consent to Coworx obtaining her consumer report.

48.    Coworx never disclosed to Plaintiff that it was going to obtain her consumer report for employment purposes.

49.     Coworx never obtained Plaintiff's written authorization to procure her consumer report for employment purposes.

50.     Plaintiff values her privacy and would not have authorized Coworx to obtain her consumer report without a permissible purpose.

51.     Plaintiff values her privacy and would not have authorized Coworx to view her personal and sensitive information without a permissible purpose.

52.     Plaintiff values her privacy rights and would not have consented to Coworx accessing her personal and sensitive information without her knowledge.

53.     Plaintiff would not have authorized Coworx to obtain her consumer report if she knew it was being obtained illegally and would be used to deny her employment with Axcess.

54.     If Plaintiff had not requested a copy of her consumer report from First Advantage, Plaintiff never would have known Coworx had procured her consumer report and was in possession of her personal, sensitive information.

55.     If Axcess had complied with 15 U.S.C. § 1681b(f)(2), Coworx never would have illegally obtained Plaintiff's consumer report or had access to Plaintiff's personal, sensitive information.

56.     If Axcess had complied with 15 U.S.C. § 1681b(f)(2), First Advantage would have required Axcess to implement the disclosure, written authorization and notice requirements of the FCRA.  Plaintiff would have received notice, a lawful disclosure, been required to provide written authorization and would have reviewed a copy of her consumer report and summary of rights as required by 15 U.S.C. § 1681b(b)(3)(A) before being subjected to an adverse employment action.

## CLASS ACTION ALLEGATIONS

57.    In Count I, Plaintiff brings this action for herself and on behalf of a "No Disclosure Class," defined as:

> **All employees and job applicants in the United States subject of a consumer report obtained by Coworx for employment purposes but to whom Coworx did not provide a disclosure in the five years preceding the filing of this action through the date of final judgment.**

58.    In Count II, , Plaintiff brings this action for herself and on behalf of a "No Authorization Class," defined as:

> **All employees and job applicants in the United States subject of a consumer report procured by Coworx for employment purposes but from whom Coworx did not first obtain written authorization in the five years preceding the filing of this action through the date of final judgment.**

59.    In Count III, Plaintiff brings this action for herself and on behalf of a "No Certification Class," defined as:

> **All employees and job applicants in the United States subject of a consumer report used or obtained by Axcess for employment purposes but for which Axcess failed to make the certifications required by 15 U.S.C. 1681e before obtaining and using the report**

60.    In Count IV, Plaintiff brings this action for herself and on behalf of an Adverse Action Class, defined as:

> **All Axcess applicants and employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in a consumer report obtained within five years preceding the filing of this action through the date of final judgment, who were not provided notice, a copy of their report or summary of rights pursuant to § 1681b(b)(3)(A).**

61.    <u>Numerosity</u>:    The members of the putative No Disclosure, No Authorization, No Certification and Adverse Action classes are so numerous that joinder of all Class members is impracticable.    Coworx and Axcess regularly obtains and uses information in consumer

reports to conduct background checks on prospective employees and existing employees, and frequently rely on such information, in whole or in part, in the hiring process.   Plaintiff is informed and believes that during the relevant time period there are hundreds if not thousands of consumers that satisfy the definition of the putative classes.

62.    <u>Typicality</u>:    Plaintiff's claims are typical of those of the members of the putative classes, in that Coworx obtained her consumer report for employment purposes without providing her a disclosure or obtaining her written authorization beforehand.   Additionally, Axcess obtained Plaintiff's consumer report illegally, and denied employment but Plaintiff never received pre-adverse action notice, a copy of her consumer report or summary of rights.   The FCRA violations suffered by Plaintiff are typical of those suffered by other members of the putative classes.

63.    <u>Adequacy</u>:    Plaintiff is a member of and will fairly and adequately protect the interests of the putative classes, and has retained counsel experienced in FCRA class action litigation.

64.    <u>Commonality</u>:  Common questions of law and fact exist as to all members of the putative classes, and predominate over any questions solely affecting individual members of the putative classes.  These common questions include, but are not limited to:

    a.    whether Coworx procured consumer reports for employment purposes without making the FCRA-required disclosures;

    b.    whether Coworx procured consumer reports for employment purposes without first obtaining consumers' written authorization;

    c.    whether Coworx violated the FCRA by procuring consumers reports without a permissible purpose;

    d.    whether Coworx's failure to provide disclosures or obtain consumer's written authorizations prior to obtaining consumer reports for employment purposes was willful

e.    whether Axcess illegally accessed consumer reports;

f.    whether Axcess's failure to make the required certification prior to accessing consumer reports was willfull;

g.    whether Axcess' failure to provide Plaintiff with pre-adverse action notice, a copy of her consumer report or summary of rights before taking an adverse employment action against her based in whole or in part on her consumer report was willful;

h.    the proper measure of statutory damages and attorneys' fees;

65.    This case is maintainable as a class action because prosecution of actions by or against individual members of the putative classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Coworx and Axcess. Further, adjudication of each individual class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

66.    This case is also maintainable as a class action because Coworx and Axcess acted or refused to act on grounds that apply generally to the putative classes.

67.    Class certification is also appropriate because questions of law and fact common to the putative classes predominate over any questions affecting only individual members of the putative classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.    Coworx's and Axcess' conduct, which is described herein, stems from common and uniform policies and practices, resulting in common violations of the FCRA.    Members of the putative classes do not have an interest in pursuing separate, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.    Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments

concerning Coworx's and Axcess' practices.  Moreover, management of this action as a class action will not present any foreseeable difficulties.  In the interests of justice and judicial efficiency, it would be desirable to  concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

68.    Plaintiff intends to send notice to all members of the putative classes to the extent required by Federal Rules of Civil Procedure 23.  The names and addresses of the putative class members  are readily available from Defendants and records maintained by third parties.

**COUNT I**
**Failure to Make Proper Disclosure in**
**Violation of FCRA 1 5  U.S.C. § 1681b(b)(2)(A)(i)**
**(Against Coworx)**

69.    Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 3, 5, 8, 14, 18, 19, 21, 22, 25-30, 38-49, and 50-54.

70.    Coworx obtained Plaintiff's consumer report but failed to provide a disclosure or obtain her written authorization beforehand.

***Plaintiff's Concrete Injury: Informational Injury***

71.    Plaintiff suffered a concrete informational injury because Coworx failed to provide Plaintiff with information to which she was entitled to by statute, namely a disclosure form. Through the FCRA, Congress created a new right – the right to receive a disclosure as set out in the FCRA – and a new injury – not receiving a disclosure.

72.    Pursuant to § 1681b(b)(2)(A)(i), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes.  Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured.  By depriving Plaintiff of this information, Coworx injured

Plaintiff and the putative class members she seeks to represent.

73.    Coworx violated the FCRA by procuring consumer reports on Plaintiff and other putative class members without making the required disclosures before Coworx actually procured consumer reports.   The required disclosures were not made, causing Plaintiff an informational injury.

74.    Coworx's failure to provide Plaintiff and the putative classes with a disclosure created a risk of harm that Plaintiff and members of the putative class would never know Coworx had obtained, disseminated, or possessed their personal and sensitive information.

### Plaintiff's Concrete Injury: Invasion of Privacy

75.    Coworx invaded Plaintiff's right to privacy.  Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

76.    The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.  Coworx invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on her and viewing her private and personal information without her knowledge and any legal basis to do so.

77.    The foregoing violations were willful.  At the time Coworx violated 15 U.S.C. § 1681b(b)(2)(A)(i), Coworx knew it was required to provide a disclosure and obtain written authorization prior to obtaining her consumer report.   A plethora of authority, including both case law and FTC opinions, existed at the time of Coworx's violations on this very issue. Coworx's willful conduct is also reflected by, among other things, the following facts:

      a.      Coworx is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

      b.      Coworx knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

      c.      Coworx voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

78.     Plaintiff and the No Disclosure Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

79.     Plaintiff and the No Disclosure Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of herself and the putative class, prays for relief as follows:

      a.      determining that this action may proceed as a class action;

      b.      designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

      c.      issuing proper notice to the putative class at Coworx's expense;

      d.      awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

      e.      awarding reasonable attorneys' fees and costs as provided by the FCRA.

## COUNT II
### Failure to Obtain Proper Authorization in
### Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(ii)
### (Against Coworx)

80.     Plaintiff alleges and incorporates by reference the allegations in the preceding

paragraphs 4, 5, 9, 14, 18, 19, 21, 23, 38-49, and 50-54.

81.    Coworx violated the FCRA by procuring consumer reports relating to Plaintiff and other No Authorization class members without their written authorization.

### *Plaintiff's Concrete Injury: Informational Injury*

82.    Plaintiff suffered a concrete informational injury when Coworx circumvented the FCRA's written authorization requirement.  When Coworx obtained Plaintiff's consumer report without requiring her written authorization, Plaintiff suffered informational injury in that she lost control over the dissemination of her personal and sensitive information – a right Congress intended for her to have through the FCRA.

83.    Coworx violated the FCRA by procuring consumer reports on Plaintiff and other No Authorization Class members without first obtaining their written authorization as required by 15 U.S.C. § 1681b(b)(2)(A)(ii).

84.    Coworx's failure to obtain Plaintiff's and the No Authorization Class members' written authorization created a risk of harm that Plaintiff and members of the putative classes would never know their personal and sensitive information was accessed, disseminated, and possessed by Coworx.

### *Plaintiff's Concrete Injury: Invasion of Privacy*

85.    Additionally, Coworx invaded Plaintiff's right to privacy and intruded upon her seclusion.  Under the FCRA, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in subsections 15 U.S.C. §§ 1681b(b)(2)(a)(i)-(ii).

86.    Coworx did not obtain Plaintiff's written authorization before obtaining her

consumer report for employment purposes.  Therefore, Coworx illegally invaded her privacy by accessing her consumer report without her consent, authorization, or a permissible purpose.  The foregoing violations were willful.  At the time Coworx violated 15 U.S.C. § 1681b(b)(2)(A)(ii), Coworx knew that it had to have written authorization from Plaintiff and the putative class before it was permitted to obtain their consumer reports for employment purposes.  A plethora of authority, including both case law, and FTC opinions, existed at the time of Coworx's violations on this very issue.  Coworx's willful conduct is also reflected by, among other things, the following facts:

<blockquote>

a.    Coworx is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

b.    Coworx knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

c.    Coworx voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

</blockquote>

87.    Plaintiff and the No Authorization Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

88.    Plaintiff and the No Authorization Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of herself and the putative class, prays for relief as follows:

<blockquote>

a.    determining that this action may proceed as a class action;

b.    designating Plaintiff as class representative and designating Plaintiff's

</blockquote>

counsel as counsel for the putative class;

c.  issuing proper notice to the putative class at Coworx's expense;

d.  awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e.  awarding reasonable attorneys' fees and costs as provided by the FCRA.

## COUNT III
### Illegal Use of Consumer Reports in Violation of 15 U.S.C. 1681b(f)(2)
### (Against Axcess)

89.  Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 6, 10, 15, 20, 31, 32, 38-49, and 55-56.

90.  Axcess obtained and used Plaintiff's consumer report for employment purposes.

### *Plaintiff's Concrete Injury: Invasion of Privacy*

91.  Axcess obtained and used Plaintiff's consumer report but failed to identify itself or certify the purpose of its use to the consumer reporting agency beforehand, as required by 15 U.S.C. § 1681(e).   Therefore, Axcess had no lawful basis to obtain and access Plaintiff's personal, sensitive information.

92.  The foregoing violations were willful.   Axcess acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other No Certification members under 15 U.S.C. § 1681b(f)(2).   Axcess knew or should have known of its legal obligations under the FCRA.   These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission.   Axcess obtained or otherwise had available substantial written materials that apprised Axcess of its duties under the FCRA.   Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

WHEREFORE, Plaintiff, on behalf of herself and the putative class, prays for relief as

follows:

> a.    determining that this action may proceed as a class action;
>
> b.    designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;
>
> c.    issuing proper notice to the putative class at Axcess's expense;
>
> d.    awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and
>
> e.    awarding reasonable attorneys' fees and costs as provided by the FCRA

**COUNT IV**
**Failure to Provide Adverse Action Notice in**
**Violation of FCRA 15 U.S.C. § 1681b(b)(3)(A)**
**(Against Axcess)**

93.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 7, 11, 15, 20, 33-49, and 55-56.

94.    Axcess used a consumer report to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

95.    Axcess violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with pre-adverse action notice, a summary of their FCRA rights and a copy of their consumer report before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

96.    The foregoing violations were willful. Axcess acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A). Axcess knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. Axcess obtained or otherwise had available substantial written materials that apprised Axcess of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover

their substance.

97.     Plaintiff suffered a concrete informational injury because Axcess failed to provide Plaintiff with information to which she was entitled to by statute, namely pre-adverse action notice, before adverse action was taken.   This notice should have included all information prescribed by § 1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under § 1681g(c)(3) of the FCRA.

98.     Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice.

99.     Axcess' failure to provide timely notice deprived Plaintiff and class members of the opportunity to learn about the information in their consumer report and tell Axcess their side of the story before Axcess took adverse action.   Thus, Plaintiff was denied the opportunity to determine if the information contained in her consumer report was indeed correct, and to understand how it might affect her future efforts to obtain employment.

100.     Plaintiff and the Adverse Action Class are entitled to statutory damages of one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. § 1681n(a)(2).

101.     Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of herself and the putative class, prays for relief as follows:

        a.        determining that this action may proceed as a class action;

b.  designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative classes;

c.  issuing proper notice to the putative classes at Coworx's expense;

d.  awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e.  awarding reasonable attorneys' fees and costs as provided by the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiff and the putative classes demand a trial by jury.

Dated this 18th day of October, 2019.

/s/ *Adeash Lakraj*

Adeash Lakraj, Esq.
GA. Bar No.: 444848
MORGAN & MORGAN, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
PO Box 57007
Atlanta, GA 30343-1007
Telephone:  404-965-1909
Fax:  470-639-6899
ALakraj@forthepeople.com

MARC R. EDELMAN, ESQ.
*(Pro Hac Vice Pending)*
Fla. Bar No. 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone:  813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com
*Attorneys for Plaintiff*